IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-509-BO

| | | |
|---|---|---|
| CAROL SILVESTRO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| EBI, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendant SeaSpine, Inc.'s motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Also pending is a motion by SeaSpine to stay pretrial and discovery deadlines, a motion by plaintiff to conduct jurisdictional discovery, and a motion by plaintiff to strike SeaSpine's reply to plaintiff's response to its motion to stay discovery deadlines.

## BACKGROUND

Plaintiff filed this products liability action arising from a defective medical device implanted into plaintiff during a spinal fusion surgery to correct her scoliosis. Plaintiff alleges that defendants either jointly or individually manufactured, designed, developed, marketed, and/or sold the component parts which establish her action. Defendant SeaSpine has moved to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff has requested a period of time within which to conduct jurisdictional discovery and an additional period within which to file her response to the motion to dismiss. In light of its motion to dismiss, SeaSpine has requested a stay of the pretrial and discovery deadlines.

## DISCUSSION

Where a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir. 1997). For a district court to properly assert personal jurisdiction over a nonresident defendant, two conditions must be met: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *See Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Because North Carolina's long-arm statute "is designed to extend jurisdiction over nonresident defendants to the fullest limits permitted by the Fourteenth Amendment's due-process clause," *Church v. Carter*, 94 N.C. App. 286, 290 (N.C. App. 1989), these inquiries collapse into one. *See also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

"When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988). Plaintiff's basis for asserting that the Court has personal jurisdiction over SeaSpine is not clearly frivolous. Plaintiff contends that SeaSpine has purposefully injected its product into the stream of commerce with the expectation that it would be sold in North Carolina. *See Bush v. BASF Wyandotte Corp.*, 64 N.C. App. 41, 47 (N.C. App. 1983); *see also Collier v. Land & Sea Rest. Co., LLC*, 7:13-CV-00104, 2014 WL 5254916, at *6 (W.D. Va. Oct. 15, 2014) (discussing stream of commerce personal jurisdiction theory and holding that where "the injury occurred in the forum state and the product that allegedly caused the injuries was sold

to the injured party in the forum state" foreseeability component of analysis satisfied). Plaintiff argues that pursuant to its Supply and Distribution Agreement with EBI, SeaSpine remained obligated to "supply to EBI . . . a spinal system component known as a Crossbar System" during the period relevant to plaintiff's claim. [DE 41-10]. SeaSpine contends that it ceased to manufacture the product at issue for EBI in December 2004. Plaintiff seeks discovery as to whether the product used in plaintiff's surgery was manufactured, designed, sold, warrantied, serviced, insured, or had regulations maintained by SeaSpine.

The Court in its discretion finds that a brief period of jurisdictional discovery is appropriate in this case. In light of this, a stay of non-jurisdictional discovery in the case is warranted.

## CONCLUSION

Plaintiff's motion for jurisdictional discovery [DE 40] is GRANTED. Plaintiff shall have a period of thirty days within which to conduct discovery on the Court's personal jurisdiction over SeaSpine. Plaintiff's response to SeaSpine's motion to dismiss shall be filed not later than fifteen days after the close of jurisdictional discovery. SeaSpine's motion to stay [DE 24] is GRANTED. Non-jurisdictional discovery and pretrial deadlines as to all parties are STAYED pending the Court's ruling on SeaSpine's motion to dismiss. The parties may seek amendment of the previously entered scheduling order at that time if appropriate. Plaintiff's motion to strike [DE 44] is DENIED.

SO ORDERED, this __14__ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3